

February 5, 2019                        **To be filed in C.A. No. 18-1277 (LPS) and
C.A. No. 18-1345 (LPS)**

Chief Judge Leonard P. Stark
United States District Judge
United States District Court
J. Caleb Boggs Federal Building
844 N. King Street, Unit 26
Room 6124
Wilmington, Delaware 19801-3555

      Re:    *Noble Corporation, plc. v. Paragon Litigation Trust*, C.A. No. 18-1277 (LPS) ("Noble Appeal") and *Paragon Litigation Trust v. Noble Corporation, plc.*, C.A. No. 18-1345 (LPS) ("Trust Appeal").

Dear Chief Judge Stark:

    I, Michael R. Hammersley, am the Appellant ("Appellant") in two other appeals that originated in the underlying bankruptcy cases related to these proceedings. *See Hammersley v. Paragon Offshore plc.*, C.A. No. 18-157 (LPS) and *Hammersley v. Prospector Offshore Drilling S.a.r.l.*, C.A. No. 18-367 (LPS) (together the "Paragon Appeals"). I write this letter to inform the Court that I plan to be present on February 22, 2019, for the oral arguments ordered in the Noble Appeal and the Trust Appeal. *See* Docket Entry No. 32 in the Noble Appeal; and Docket Entry No. 26 in the Trust Appeal. As this Court may be aware, I have a collateral interest in the Noble Appeal and the Trust Appeal given that they relate to issues surrounding the appeals that I filed.

    As an example, the Noble Appeal and the Trust Appeal concern retention of jurisdiction provisions that Bankruptcy Judge Christopher S. Sontchi approved. Just like in the appeals that I filed and that are before Your Honor, the appellants in the Noble Appeal and Trust Appeal raise the same contentions that I do. While the beneficiaries of the Paragon Litigation Trust ("Trust")[1] argue that the "retention of jurisdiction" provisions are controlling, Noble Corporation, plc. ("Noble") argues that the terms of the pre-petition Master Service Agreement are controlling. Thus, the common thread between the Trust Appeal, the Noble Appeal, and the Paragon Appeals

---

[1] The beneficiaries of the Trust are the former restricted subsidiary creditors involved in Bankr. Case No. 16-10386 who, following the June 7, 2017 confirmation, subsequently held shares in the reorganized restricted subsidiaries of Paragon Offshore, plc., ("New Paragon").

1

is a question of whether or not Judge Sontchi erred in his exercise of subject matter jurisdiction in relation to the provisions of the plan and pre-petition contracts.

In addition to the fact that the Noble Appeal and the Trust Appeal revolve around similar issues, I further note that the underlying litigation of the Noble Appeal and the Trust Appeal raise issues that concern documents over which I have personal knowledge and that I helped draft. For example, in the underlying adversary proceeding (i.e., *Paragon Litigation Trust v. Noble Corporation, plc.*, Adv. Proc. No. 17-51882 (CSS)), Noble, sought discovery from the beneficiaries of the Trust pertaining to valuation documents that I authored as a member of the Unofficial Equity Committee of the Shareholders of Paragon Offshore plc.[2] These valuation documents relate to the distribution amounts disclosed under the confirmed plan as compared to the value that was actually received by the former restricted subsidiary creditors of Paragon Parent who are the current trust beneficiaries. Ultimately, Judge Sontchi ruled that the valuation documents and certain other documents relating to contract cancellations were not relevant and that Noble would not be entitled to them. However, the fact that Noble sought the documents and the Trust refused to hand them over demonstrates that my knowledge of the inner-workings of Noble and Paragon Offshore could be of value to the Court.

Accordingly, I respectfully request to appear at the February 22, 2019 conference in order to ensure that correct representations are made with respect to matters that I have personal knowledge of and that may be related to my appeals. To be clear, I am not asking to actively participate at the February 22, 2019 conference. Rather, I am requesting to be recognized at the February 22, 2019 conference in order to answer any questions that the Court may have over matters that I am knowledgeable about and that may (potentially) pertain to the appeals that I filed. Should the Court deny my request to officially appear at the February 22, 2019 conference, I nevertheless inform the Court that I plan to attend said conference as a spectator.

Respectfully submitted,

/s/ Michael R. Hammersley
706 N. Eugene St., Suite A4
Greensboro, NC 27401
(336) 209-3559
michael@brightleafadv.com

---

[2] *See* "Definitions" ¶39 Docket Entry No. 136-1 in Adv. Proceeding No. 17-51882 (CSS) defining "Stakeholders" as – among other things – "**the Unofficial Equity Committee of the Shareholders of Paragon Offshore, plc., and their members as well as any Person or Persons acting in any capacity for or on their behalf,** including but not limited to partners, members, shareholders, creditors, agents, representatives, legal counsel, financial advisors, investment bankers, or any other Person." *See also* "Document Requests" ¶ 35 requesting "**All Documents relating to any Communications between You and any Stakeholders** regarding the Spin-Off, the Debtors, the Paragon Business, Paragon, or the Noble Claims." (emphasis added).